UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC., :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., AND :
THE MCGRAW-HILL COMPANIES, INC.,
 :
                Plaintiffs,
 :
   -against-                   07 Civ. 6914 (GEL)
 :  ECF CASE
MANOHAR MARIMUTHU, SHRIHARI
SIVASUBRAMANIAM AND RAMKUMAR :
CHANDRASEKARAN D/B/A RK SELLERS
AND JOHN DOE NOS. 1-5, :

               Defendants.  :

- - - - - - - - - - - - - - - - - - - -x

    DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT
      OF PLAINTIFFS' APPLICATION FOR AN
     ORDER ALLOWING SERVICE ON DEFENDANT
  RAMKUMAR CHANDRASEKARAN BY E-MAIL AND MAIL
    AND ALLOWING SERVICE OF SUBPOENAS ON
   GOOGLE INC., PAYPAL, INC., AND EBAY, INC.

      WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

      1.   I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiffs in this action, which was filed on August 1, 2007.

      2.   I am making this declaration in support of plaintiffs' application for an order authorizing plaintiffs (i) pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York CPLR § 308(5), to serve defendant

Ramkumar Chandrasekaran d/b/a RK Sellers with the summons and complaint in this action by e-mail and mail, and (ii) pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, to serve subpoenas on Google Inc. ("Google"), PayPal, Inc. ("PayPal"), and eBay, Inc. ("eBay"), to identify and locate defendant Ramkumar Chandrasekaran and John Does Nos. 1-5.

3. Under Rule 4(e)(1), the Court has authority to permit service on an individual defendant located in the United States by any means available under the laws of the State in which the Court sits. Under CPLR § 308(5), a plaintiff may accomplish service in any manner that the Court directs, if service is not practical under CPLR § 308 (1), (2) or (4). See D.R.I. Inc. v. Dennis, 2000 U.S. Dist. LEXIS 22541 (S.D.N.Y. 2004)(Leisure, J.); See generally Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002)(Affirming lower court's decision permitting service on foreign defendant via e-mail).

4. In this case, neither service nor substitute service under CPLR § 308 (1), (2), or (4) is feasible.

5. The complaint alleges that defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States

and resold them to purchasers in the United States through the Internet at the website AbeBooks.com using the e-mail address seller.rk@gmail.com.

6. We have been, by searching the Internet, unable to locate a physical address for the defendant Ramkumar Chandrasekaran.

7. Due to the electronic nature of RK Sellers' business, we seek an order authorizing us to serve him using the e-mail address used in processing his sales, seller.rk@gmail.com, as well as by mailing a copy of that complaint, summons, and order allowing service to the defendant's last known address of 910 East Lemon Street, Apartment 21, Tempe, Arizona 85281 in a envelope bearing the legend "personal and confidential" and not indicating on the outside that the communication is from an attorney or concerns an action against the person to be served.

8. Under these circumstances, service to this e-mail address and last known address is reasonably calculated to give notice to defendant Ramkumar Chandrasekaran, and much more likely to give him actual notice of the action than service by publication.

9. Other judges of this Court have granted similar applications to serve a defendant by e-mail. A copy of the order of Judge McMahon in the action entitled

Pearson Education, Inc., et al. v. John Doe d/b/a "LPE Bookstore," Index No. 07 Civ. 8028, is attached as Exhibit A. A copy of the order of Judge Koeltl in the action of Pearson Education, Inc., et al. v. Mushfiq Saleheen d/b/a "books777," Index No. 07 Civ. 4547, is attached as Exhibit B. A copy of the order of Judge Sprizzo in the action entitled John Wiley & Sons, Inc. v. Abdel Ghani d/b/a "bubblesolutions," Index No. 05 Civ. 2319, is attached as Exhibit C.

10. As the email system used by RK Sellers, Google probably knows the true identity and location of the individual or individuals using the name RK Sellers.

11. As the probable payment system used by RK Sellers, PayPal probably knows the true identity and location of the individual or individuals using the name RK Sellers.

12. As the probable business site of RK Sellers, eBay probably knows the true identity and location of the individual or individuals using the name RK Sellers.

13. Under Rule 26(d), however, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Without the identities and locations of the defendant, this conference would not be productive.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of October 2007 in New York, New York.

                                                */s/ William Dunnegan*
                                                William Dunnegan