```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,           :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., AND         :
THE MCGRAW-HILL COMPANIES, INC.,
                                   :
               Plaintiffs,
                                   :
          -against-                         07 Civ. 6914 (GEL)
                                   :
MANOHAR MARIMUTHU, SHRIHARI
SIVASUBRAMANIAM AND RAMKUMAR       :
CHANDRASEKARAN D/B/A RK SELLERS
AND JOHN DOE NOS. 1-5,             :

               Defendants.         :

- - - - - - - - - - - - - - - - - x
```

MEMORANDUM OF PLAINTIFFS IN OPPOSITION
TO DEFENDANT RAMKUMAR CHANDRASEKARAN'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

Plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc., and The McGraw-Hill Companies, Inc. respectfully submit this memorandum in opposition to the motion to dismiss of defendant Ramkumar Chandrasekaran ("Ramkumar") for lack of personal jurisdiction. Because plaintiffs allege that Ramkumar sold infringing copies of their copyrighted textbooks to residents of this State, the Court may exercise personal jurisdiction over him pursuant to the New York long-arm statute, CPLR § 302(a)(1).

Argument

I.

BECAUSE RAMKUMAR SOLD INFRINGING COPIES OF PLAINITFFS' TEXTBOOKS TO RESIDENTS OF THIS STATE, THE COURT HAS PERSONAL JURISDICTION OVER HIM PURSUANT TO CPLR § 302(a)(1)

Plaintiffs allege in paragraphs 2 and 23 of the amended complaint that Ramkumar sold unauthorized copies of foreign editions of plaintiffs' copyrighted textbooks to residents of this state. Plaintiffs also have evidence to support of that allegation. Declaration of Kim Banks dated January 21, 2008, ¶¶ 2-3, declaration of Laura Scileppi dated January 28, 2008, ¶¶ 7-10. Plaintiffs' claims arise out of these sales.

> CPLR § 301(a)(1) provides:
>
> "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent...
>
> > (1) transacts any business within the state or contracts anywhere to supply goods or services in the state"

Under this section, sales of infringing goods to residents of this State, even pursuant to a contract made through the Internet, establish personal over the defendant for a claim arising out of those sales. Pearson Education Inc., et al. v. Yi Shi, 2007 U.S. Dist. LEXIS 91444, *11 (S.D.N.Y., Dec.

2

11, 2007)("Here, Plaintiffs' allegations that Defendants consummated multiple sales of their copyrighted books with New York customers through the Internet constitute an adequate showing of Defendants' purposeful contacts with New York."); New Angle Pet Prods. v. MacWillie's Golf Prods., 2007 U.S. Dist. LEXIS 46952, *8-10 (E.D.N.Y., Jun. 28, 2007)("Defendant concedes that its California facility has filled orders for the Handi-Drink submitted by New York residents generating $8,000 in gross revenue, including two internet sales consisting of a total of $32.97. . . Under these circumstances, the Court finds that Defendant's Internet sales of its Handi-Drink product to consumers in New York provide a sufficient basis for the exercise of long-arm jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1)."); Philip Morris USA Inc. v. Veles Ltd., 2007 U.S. Dist. LEXIS 19780 at *17-18 (S.D.N.Y., Mar. 12, 2007)(finding personal jurisdiction where "[p]laintiff has acknowledged hiring an investigator who made purchases from defendants' website, in addition to attempting to locate defendants' whereabouts and finding ways to serve them. But defendants have put forth no evidence to suggest that the order sent to plaintiff's investigator is 'manufactured' contact, or their only contact with New York."); Alpha Int'l, Inc. v. T-Reproductions, Inc., 2003 U.S. Dist. LEXIS 11224 at *3-8 (S.D.N.Y., Jun. 27, 2003) (finding personal jurisdiction where

defendant sold "at least one accused product to a New York resident through its website"); Mattel, Inc. v. Adventure Apparel, 2001 U.S. Dist. LEXIS 3179 at *9-10 (S.D.N.Y., Mar. 22, 2001)("Here, [a New York private investigator] ordered allegedly infringing merchandise from Adventure over its web site, using his credit card, and Adventure shipped that merchandise into New York. This activity not only involved the exchange of payment and shipping information but, moreover, was a commercial transaction that was actually consummated on line. These activities were sufficient to bring Adventure into the category of a defendant 'transact[ing] any business,' via the internet, in New York within the meaning of N.Y. C.P.L.R. 302(a)(1)."). Cf. Mattel v. Anderson, 2005 U.S. Dist. LEXIS 14404 (S.D.N.Y., July 18, 2005).

The New York CPLR does not extend to the limit of due process. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 105 (2d Cir. 2006)  Because the conduct of Ramkumar falls comfortably within the CPLR, a Due Process analysis is unnecessary.

II.

RAMKUMAR'S ARGUMENT THAT HE DID NOT MAKE THE INFRINGING
SALES IS IRRELEVANT TO THIS PERSONAL JURISDICTION MOTION

Ramkumar argues that that the Court lacks personal jurisdiction over him because he did not sell the books that are the subject of this case.  Defendant's

4

Memorandum, page 4, ¶¶ 1-3 ("Furthermore, the Plaintiffs have not shown that I conducted activities in New York, or that any business conducted in New York caused any injury to the Plaintiffs. . . I have not purchased Foreign Editions of Plaintiffs' books manufactured outside of the United States for reselling them to the United States purchasers, as alleged in the complaint.")

Ramkumar's argument is irrelevant because plaintiffs' allegations that he sold the infringing books into New York should be, for purposes of this motion, taken as true. "All allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2nd Cir. 1993); Maria Arias-Zeballos v. Dr. Anamah Tan, 2006 U.S. Dist. LEXIS 78884, *11-12 (October 26, 2006, S.D.N.Y.)(plaintiff need only show "an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant") citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court deny Ramkumar's motion to dismiss for lack of personal jurisdiction.

Dated: New York, New York
       January 28, 2008

>                    DUNNEGAN LLC
>
>                    By _William Dunnegan (WD)_
>                       William Dunnegan (WD9316)
>                       Megan L. Martin (MM4396)
>                    Attorneys for Plaintiffs
>                       Pearson Education, Inc.,
>                       John Wiley & Sons, Inc.,
>                       Cengage Learning Inc., and
>                       The McGraw-Hill Companies, Inc.
>                    350 Fifth Avenue
>                    New York, New York 10118
>                    (212) 332-8300