```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
PEARSON EDUCATION, INC. et al.,                             :
                                                            :
                        Plaintiffs,                         :
                                                            :           07 Civ. 6914 (GEL)
        -against-                                           :
                                                            :           **ORDER**
RAMKUMAR CHANDRASEKARAN et al.,                             :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/08
```

GERARD E. LYNCH, District Judge:

      Plaintiff publishers bring this action for copyright infringement and related claims against defendants, who allegedly sold into the United States foreign editions of plaintiffs' copyrighted textbooks, which were not authorized to be sold in this country. Defendant Ramkumar Chandrasekaran, a citizen and resident of Washington, moves pro se to dismiss the Amended Complaint for lack of personal jurisdiction, arguing that he has had no contacts with New York State. The motion will be denied.

      Plaintiffs' complaint alleges that defendants sold the infringing books through online sales at "www.abebooks.com," using the username "RK Sellers" and the email address "seller.rk@gmail.com." (Am. Compl. ¶ 23.) In opposing Chandrasekaran's motion to dismiss, plaintiffs proffer business records authenticated by Abebooks, Inc., showing that RK Sellers sold allegedly infringing works to customers in New York, and an affidavit from an investigator who purchased such books for shipment to a New York address. (See Scileppi Decl. ¶¶ 4-10; Banks Decl. ¶¶ 2-4.) Such internet sales into New York are unquestionably sufficient to establish long-arm jurisdiction in New York under CPLR 302(a)(1), where the cause of action arises directly from the sales. See Pearson Education, Inc. v. Shi, 525 F. Supp. 2d 551, 557 (S.D.N.Y. 2007); New Angle Pet Prods. v. MacWillie's Golf Prods., No. 06 Civ. 1171, 2007 WL 1871345, at *3 (E.D.N.Y. June 28, 2007); Philip Morris USA Inc. v. Veles Ltd., No. 06 Civ. 2988, 2007 WL 725412, at *5 (S.D.N.Y. Mar. 12, 2007).

      Plaintiffs' complaint alleges that the defendants, including Chandrasekaran, made the sales through RK Sellers. (Am. Compl. ¶ 23.) That allegation must be taken as true for purposes of this motion. See A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993). Chandrasekaran argues that he did not, in fact, make the sales, and offers an unsworn statement from one Soundar Rajan, a resident of India, which states that he (Rajan) operated the RK Sellers account, sold the books, and was the sole beneficiary of the account, and that Chandrasekaran was not involved in the allegedly infringing activities. Rajan's statement (putting aside its unsworn nature) may well raise an issue of fact as to whether Chandrasekaran is guilty of the

acts alleged in the complaint. That statement itself, however, demonstrates that plaintiffs have not only a good faith basis for their complaint, but evidence against Chandrasekaran, as the statement "confirm[s] that [Rajan] used Ramkumar Chandrasekaran's personal information in setting up the Abebooks seller account." (Rajan Aff.) Thus, the evidence proffered by defendant himself acknowledges that the records of Abebooks will identify Chandrasekaran as the owner of the RK Sellers account. What role, if any, Chandrasekaran played in the infringing activities is an issue for factual development through discovery, and ultimately for resolution at trial. (Notably, Rajan does not assert that he used Chandrasekaran's identity without permission, or that Chandrasekaran did not know what use Rajan intended to make of the account; he says only that Chandrasekaran was "never involved in the *subsequent* activities with respect to the account." (Rajan Aff. (emphasis added).) The question whether Chandrasekaran, in fact, engaged in these activities, which would establish personal jurisdiction, completely overlaps with the issues to be resolved on the merits.

Chandrasekaran argues that he will be seriously disadvantaged by having to litigate in New York. In the modern world, this is something of a canard. Discovery and pretrial proceedings can be managed, if such is shown to be appropriate, so that Chandrasekaran will not have to appear in New York until trial, and venue can be transferred for trial if good cause for such transfer is shown. See 28 U.S.C. § 1404(a). The Court has every confidence that the Magistrate Judge, to whom the case will be referred for pretrial supervision, will handle these issues with sensitivity to the defendant's situation. Moreover, if it is true that Chandrasekaran had no involvement in the infringing activities, and if it is true, as Rajan suggests, that the infringing activities have ceased, the case can presumably be settled without the need for trial.

Accordingly, the motion to dismiss for lack of personal jurisdiction must be denied, at this stage of the case, and discovery on the jurisdictional and merits issues may go forward.

SO ORDERED.

Dated: New York, New York
      March 14, 2008

                                         GERARD E. LYNCH
                                         United States District Judge